**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. SAG-21-157** |
| | * | |
| **JARED ETHAN JOHNSON,** | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\***

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

The United States of America submits this memorandum in aid of sentencing and respectfully requests that the Court sentence the Defendant to 72 months of imprisonment and a twenty year term of supervised release.

**I.    Factual Summary**

In the months of May through August 2020, Synchronoss Technologies, Inc. (the internet cloud storage provider for Verizon) sent the National Center for Missing and Exploited Children ("NCMEC") a series of five CyberTipline Reports.  Synchronoss reported that the Defendant's Samsung Galaxy Note 10+ cell phone uploaded approximately 2,549 images of child pornography to his Verizon cloud account during this four month time period.

On July 24, 2020, investigators executed a search warrant at a residence in Crownsville, Maryland, where the Defendant lived in a basement bedroom of the residence.  After investigators knocked on the front door of the residence, they searched the residence and went downstairs to search the basement area.  The basement sump pump was located near the Defendant's bedroom, and during their thorough search, detectives shined a flashlight into water that had collected in the well portion of the sump pump.  Detectives discovered, submerged underwater in the sump pump, a Samsung Galaxy Note 10+ cell phone and a Lenovo Laptop computer.  A forensic analysis of

the laptop revealed that Johnson owned and routinely used the laptop, and that he possessed over 12,000 images and videos of child pornography on the laptop.

Detectives obtained a search warrant for the content of Defendant's Synchronoss online cloud account. They discovered that, in addition to the images on his laptop, the Defendant possessed thousands of additional images and videos of child pornography in his online cloud account. Many of the images and videos contained graphic depictions of prepubescent children being sexually abused, including, in some instances, toddlers being victimized. These visual depictions also involved sexually explicit images and videos of minor females being penetrated orally, vaginally and anally by adult males.

The names of many of the victims in these haunting images are unknown. However, several of the victims have been found by investigators and detectives in prior child sexual abuse investigations. Of the thousands of visual depictions involved in this case, victims have been positively identified in approximately 1,478 of the images and 29 of the videos possessed by the Defendant.[1] Several of those victims, and their family members, have submitted victim impact statements regarding the very serious consequences that sexual abuse has had on their lives. These victims also describe the unimaginable horror they experienced upon learning that images depicting their sexual abuse are possessed, viewed and trafficked by users of the internet. These victims suffer feelings of anxiety, depression, sleeplessness and a tremendous fear of being recognized. The victims also describe a terrible feeling of helplessness, because they know and

---

[1] These Victim Impact Statements will be submitted to the Court, in hard copy, by way of a separate memorandum.

fear that the images taken of them while they were sexually abused as children, will be out there, on the internet, forever.

## II.     Advisory U.S.S.G. Sentencing Guidelines

The government concurs with the advisory guideline calculation set forth in the Presentence Investigation Report ("PSR"), as follows:

| | | | |
|---|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) | PSR ¶ 18 |
| Depictions of prepubescent minors: | +2 | U.S.S.G. § 2G2.2(b)(2) | PSR ¶ 19 |
| Depictions of S&M / infants: | +4 | U.S.S.G. § 2G2.2(b)(4) | PSR ¶ 20 |
| Use of a computer: | +2 | U.S.S.G. § 2G2.2(b)(6) | PSR ¶ 21 |
| Over 600 images: | +5 | U.S.S.G. § 2G2.2(b)(7)(D) | PSR ¶ 22 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) | PSR ¶ 28, 29 |
| Total Offense Level: | 28 | | PSR ¶ 30 |
| | | | |
| Total Offense level: | **28** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 30 |
| Criminal History Category: | **I** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 36 |
| | | | |
| Advisory Guideline Range: | 78 - 97 months incarceration | | PSR ¶ 67 |

## III.     Government's Position Regarding Imposition of Sentence

Considering the applicable enhancements to the offense level and the Defendant's Category I Criminal History, the PSR calculates the Defendant's advisory guideline range as 78 to 97 months incarceration.  PSR ¶ 62.  This matter is presented to the Court as a C plea, and both parties represent that, considering all of the facts and circumstances of this case, including the Defendant's prompt coordination and resolution in this matter, a 72 month term of confinement is a reasonable and appropriate sentence in this case.  The government also respectfully requests that the Defendant be placed on supervised release for 20 years, and that he be ordered to pay restitution to each of the victims who request restitution in this case.

## IV.     18 U.S.C. 3553(a) Factors

3

**A. A 72 month sentence is necessary to reflect the seriousness of the offense, to provide just punishment, and to promote respect for the law.**

The Defendant has committed a very serious crime. The possession of child pornography in this matter involved thousands images and videos of children being sexually abused. Those images of children being abused were trafficked on the internet, and ended up on the Defendant's laptop computer and in his online account. The detrimental, lifetime impact that this type of crime has on the victims of the trafficked images cannot be overstated. As detailed in the victim impact statements, the fact that these images are repeatedly trafficked on the internet has caused victims and their families to struggle for many years with depression, sleep disorders and anxiety. The tremendous fear that these victims face, of being recognized in their communities, is never-ending. In seeking out, viewing and possessing these images, the Defendant contributed to the illicit, online marketplace of videos and images of children being sexually assaulted, thereby participating in the continued destruction of these victims' lives.

The Defendant knew the severity of his crime, which is demonstrated by his attempt, when officers arrived to search his residence, to hide and destroy the evidence. He tried to hide his cell phone and laptop, underwater, in the well of the basement sump pump. The Defendant understood the seriousness of his crime.

A 72 month sentence is an appropriate sentence in this possession of child pornography case. It will provide just punishment for the Defendant's illegal conduct, and it reflects the seriousness of the Defendant's crimes, while taking into account his very prompt acceptance of responsibility. This jail sentence will also promote the Defendant's respect for the laws which prohibit the possession of this harmful, unlawful material in the future.

**B. A substantial sentence is necessary to afford adequate specific and general deterrence and to protect the community.**

This Defendant admits that he possessed thousands of images of children being sexually abused, and that he used the internet in furtherance of his crime. His actions pose a risk of danger to children in the community. It is clear from the victim impact statements submitted in this matter, that many of the young children who were victimized and sexually assaulted in the images on the Defendant's laptop and online account, were abused by perpetrators who were interested in creating a market for illicit sexual images of children. They did this not only to further their own illegal sexual desires, but also to cater to the sexual interests of others, such as the Defendant, who sought out these illicit images depicting the sexual abuse of children. Examples of children being used for a viewer's specific sexual fetish, and the creation of images pursuant to requests for certain types of sexual abuse, are just a few examples of the types of crimes perpetrated against victims depicted in this case. The victims have to live with the soul-destroying knowledge these sexual abuse images will live on forever on the internet, and in places like the Defendant's laptop computer. Because of this risk of danger to children in the community, the government respectfully requests that the Court impose at least a 20 year term of supervised release, in an attempt to mitigate the risk of danger and to protect the public in the future.

A significant sentence and term of supervised release will act as a deterrent, and will specifically deter this Defendant from committing additional offenses while he is incarcerated and on supervised release. However, there is an equally urgent need to send a strong message to the community regarding the wrongfulness of the Defendant's conduct. Imposing a significant sentence will also act as a deterrent, not just to the Defendant, but to other individuals in the general community. A 72 month sentence will send a strong message to the community, that those who

5

traffic and possess these sexually explicit and abusive images of children, will be held accountable, and will receive significant punishment for possessing these unlawful visual depictions of minors.

## V.    Restitution[2]

Restitution is mandatory in this case.  The Defendant is required to pay restitution to the child victims in the full amount of the victim's losses.   18 U.S.C. § 2259(b)(2)(A) and (c)(3).  Losses can include: any loss incurred for medical and psychological services; therapy or rehabilitation; necessary transportation, child-care expenses, temporary housing; lost income; attorney's fees; and any other losses suffered by the victim as a proximate result of the offense.  18 U.S.C. § 2259(c)(2).

As noted above, and in the victim impact submissions made to the court in this case, several of the identified victims in this matter have requested restitution.  These victims have provided reports and other information related to the factors outlined in 18 U.S.C. § 2259.[3]   The information submitted by the victims in this case includes costs and expenses associated with past and future medical, psychological and therapy related expenses; transportation expenses; reasonable attorney's fees, and other expenses.  These costs constitute losses suffered by the victims, which are the proximate result of the child sexual abuse material possessed by the Defendant in this case.

---

[2]  The Government provides this Sentencing Memorandum a week before the sentencing hearing schedules in this matter on September 7, 2021.  The Government apologizes for failing to submit the memorandum two weeks prior the sentencing date.  The United States Attorney's Office made attempts to notify the specific victims who had been identified in the images discovered in this case as soon as possible, and requested a two-week continuance in order to compile victim impact statements relevant to this case.  We continue to receive victim impact statements and restitution requests from victims, and the Government delayed filing the memorandum in an attempt to include as much restitution information as possible into the sentencing memorandum.

[3]  Written restitution requests, and accompanying reports and resources related to costs and expenses submitted by each victim, will be submitted in hard copy format to Chambers, to Mr. David Fischer, and to the Probation Office by way of a separate memorandum (Mr. Fischer and the Probation office have received electronic copies of these restitution submissions via email as well).

The victims in this case respectfully request that the Court specify their status as a victim on any restitution order or judgement filing that may be docketed in this case.

The following victims are depicted in the child sexual abuse images discovered on the Defendant's laptop and in his online account, and have made restitution requests as follows:

1. "Patty" – seeks $3,000 in restitution.  A report submitted by the victim's attorney estimates that she will require intermittent weekly psychotherapy services necessary for her overall attempt to heal, and that these session will cost $150.00 for the initial evaluation, and $125.00 per hour for each weekly visit thereafter. Pursuant to Defendant's role in the possession of approximately nine images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $3,000.00 in restitution for "Patty" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

2. "Henley" – seeks $5,000 in restitution. A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to the Defendant's role in the possession of approximately four images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Henley" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

3. "Maureen" – seeks $10,000 in restitution.  A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00.  Pursuant to the Defendant's role in the possession of approximately one image of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $10,000.00 in restitution for "Maureen" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

4. "Jessy" – seeks $5,000 in restitution.  A psychological report submitted by the victim's attorney estimates his future losses to be in excess of $50,000.00.  Pursuant to the Defendant's role in the possession of approximately two images of the victim as he was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Jessy" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

5. "Pia" – seeks $5,000 in restitution.  A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately six images of the victim as she was being sexually abused as a child, the government respectfully requests that this

Court enter an order for $5,000.00 in restitution for "Pia" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

6. "Mya" – seeks $5,000 in restitution.  A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately one image of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Mya" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

7. "Ava" – seeks $5,000 in restitution.  A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately four images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Ava" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

8. "Tara" – seeks $139,301.43 in restitution.  Tara submitted a letter and stated that she has been harassed and stalked as recently as 2019, and that she has had to move locations based on the harassment caused by the images of her abuse which are trafficked online.  She submitted a list of her costs and expenses.  Pursuant to Defendant's role in the possession of approximately 17 images of the victim as she was being sexually abused as a child, the government provided notice to "Tara" that it will seek $3,000.00 in restitution related to these images, and the government respectfully requests that this Court enter an order for $3,000.00 in restitution for "Tara" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

9. "Casseaopeia" - seeks $5,000 in restitution.[4]  A report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately one image of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Casseaopeia" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

10. "Jane" - seeks $5,000 in restitution.  A report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00.  Pursuant to Defendant's role in the possession of approximately five images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter

---

[4]  The attorney representing "Casseaopeia;" "Jane" and "Jenny" advised that the victims will accept $3,000 in restitution if the amount is paid upfront, and will request $5,000 if the restitution is ordered to be paid in installments over time.

an order for $5,000.00 in restitution for "Jane" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

11. "Jenny" - seeks $5,000 in restitution. A report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately six images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Jenny" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

12. "Cara" – seeks $5,000 in restitution. A report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately three images of the victim as she was being sexually abused as child, the government respectfully requests that this Court enter an order for $5,000.00 in restitution for "Cara" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

13. "Sarah" – seeks $10,000 in restitution. A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately three images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $10,000.00 in restitution for "Sarah" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

14. "Lily" - seeks $10,000 in restitution. A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately two images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $10,000.00 in restitution for "Lily" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

15. "Skylar" - seeks $7,500 in restitution. A psychological report submitted by the victim's attorney estimates her future losses to be in excess of $100,000.00. Pursuant to Defendant's role in the possession of approximately two images of the victim as she was being sexually abused as a child, the government respectfully requests that this Court enter an order for $7,500.00 in restitution for "Skylar" in this matter, pursuant to 18 U.S.C. § 2259(b)(2)(B).

## VI.    Conclusion

For the reasons set forth above, the government respectfully submits that 72 months confinement and a 20 year term of supervised release is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:   _____/s/_____
Christine Duey
Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served electronically via ECF to counsel of record for the defendant.

/s/_____
Christine Duey
Assistant United States Attorney